UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Andrew Devisme,　　　　　　　　　　　　　　Case No. 21-cv-1195 (WMW/LIB)

　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**
　　v.

City of Duluth and HRA,

　　　　　　　Defendants.

---

　　This matter is before the Court on Defendants' motions to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. (Dkts. 10, 16.) Plaintiff subsequently filed a motion for preliminary injunctive relief, three motions to disqualify the undersigned United States District Judge, and several other miscellaneous motions. (Dkts. 28, 63, 65, 66, 67, 68, 69, 71, 75, 79, 84, 85.) For the reasons addressed below, Defendants' motions to dismiss are granted, Plaintiff's motions are denied, and this matter is dismissed with prejudice.

## BACKGROUND

　　When Plaintiff Andrew Devisme commenced this action on May 11, 2021, he was a resident of Duluth, Minnesota.[1]  Defendant HRA is the Housing and Redevelopment Authority of Duluth (HRA), a municipal agency of Defendant City of Duluth (the City). In the complaint, Devisme does not identify a specific federal law or constitutional

---

[1]　Devisme filed a notice of change of address in October 2021, which indicates that he now resides in Chicago, Illinois.

provision, but he asserts that the basis for this Court's jurisdiction is "d[i]scrimination," "wrongful[ ] eviction," "civil rights violation," and "hate crime[s] [due to] race ethnicity." The complaint alleges the following facts in support Devisme's claims:

> 7. HRA revoked my voucher out hate my protest to help city wrongfull evict me my son out great hate retaliation, caused grave mental anguish, pain nothing more hate revenge.
> 6. Center City Housing Corp wrongfully evicting me for complaining. Protest hate discrimination.
> 5. Count of St Lous used Judge Jill Eeichenwald who works with Center City in bias conflict interist to help wrongfull eviction. City att ok it.
> 4. Entir city used ever agency to take everthin in one month in most hatefull reveng ever seen

The complaint does not clearly seek any particular form of relief but references compensation for "mental damage," "harass[ment]" and the forced relocation of Devisme and his son.

In July 2021, the City and HRA filed the pending motions to dismiss Devisme's complaint. Devisme did not file meaningful responses to Defendants' motions to dismiss.[2] In support of its motion to dismiss, HRA filed state court public records that provide additional context to the allegations in Devisme's complaint.[3] On April 19, 2021,

---

[2]  Devisme filed three untimely documents in August 2021, which he may have intended to be responses to Defendants' motions to dismiss. Even if these responses had been filed on time, they are largely unintelligible and do not meaningfully respond to Defendants' arguments or address the asserted deficiencies in Devisme's complaint.

[3]  When evaluating a motion to dismiss, a court must "ignore materials outside the pleadings but may consider materials that are part of the public record or do not contradict the complaint, and materials that are necessarily embraced by the pleadings." *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 955 (8th Cir. 2020) (internal quotation marks omitted).

Devisme's landlord, Memorial Park Apartments, notified Devisme that his residential lease would be terminated and that Devisme must vacate his apartment on or before April 30, 2021. On May 3, 2021, Memorial Park Apartments filed an eviction complaint in St. Louis County District Court, Sixth Judicial District, seeking to evict Devisme. The eviction complaint alleged that Devisme failed to vacate the property after being given an eviction notice and breached the rental agreement by repeatedly threatening and harassing property management staff. These threats included implicit threats of violence. Devisme was present at the beginning of the May 26, 2021 evidentiary hearing, and the presiding judge explained on the record that the court would grant judgment by default if Devisme left the courtroom. Devisme voluntarily exited the courtroom shortly after the hearing began, and he did not return. Thereafter, the court granted judgment in favor of Memorial Park Apartments. Devisme appealed the eviction judgment. The Minnesota Court of Appeals dismissed Devisme's appeal on August 26, 2021, because Devisme failed to comply with procedural requirements and court orders.

Devisme filed a motion for a "harassment restraining order" in this case on August 16, 2021, seeking preliminary injunctive relief against the City. Subsequently, Devisme filed three motions to disqualify the undersigned judge and several miscellaneous motions. For several weeks, beginning in August 2021, the Court received hundreds of improper *ex parte* email and telephone communications from Devisme, which ranged from incomprehensible to abusive and harassing in both frequency and tone.[4] Based on

---

[4] During business hours, Devisme typically called the undersigned judge's chambers and the Clerk's Office a dozen or more times daily. In multiple instances, during non-

Devisme's behavior, the Court ordered Devisme to cease placing telephone calls or sending email messages to the Court. The Court also revoked Devisme's electronic filing privileges and required Devisme to request permission, by mail, before filing anything further in this case.[5] The Court took the pending motions under advisement on the parties' written submissions.

## ANALYSIS

### I.   Plaintiff's Motions to Disqualify

As a threshold matter, Devisme seeks to compel the recusal of the undersigned United States District Judge from this case, alleging that recusal is warranted under 28 U.S.C. § 455 because of alleged bias and prejudice.

Judicial disqualification is warranted "in any proceeding in which [the judge's] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). If the judge has a "personal bias or prejudice arising from an extrajudicial source," a party's motion for removal should be granted. *See Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir.

---

business hours, Devisme filled the Court's voicemail box to capacity, impeding the ability of other litigants or members of the public to contact the Court. During Devisme's calls and in his voicemail messages, Devisme often used an angry tone and a raised voice before abruptly hanging up.

[5]   Although the frequency of Devisme's communications with the Court decreased thereafter, Devisme continued to send *ex parte* emails and unintelligible documents to the Court. Because Devisme failed to seek or obtain permission to file these documents, they were not docketed.

4

1989). Because judges are presumed to be impartial, a party seeking removal bears "the substantial burden of proving otherwise." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation marks omitted). "Opinions based on facts or events occurring in a judicial proceeding 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Decisions on recusal or disqualification motions are committed to the district court's sound discretion." *Larson v. United States*, 835 F.2d 169, 172 (8th Cir. 1987).

Devisme's motions to disqualify are short and difficult to understand. A *pro se* litigant's filings are liberally construed and held to less stringent standards than a formal motion drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberally construed, Devisme's motions appear to allege that the undersigned United States District Judge has demonstrated bias and prejudice by deciding to rule on the pending motions based on the written submissions without a hearing, "ignoring [the] law," not granting Devisme his requested relief more quickly, and not providing Devisme with "federal funding" to pay for Devisme's living and travel expenses. But "simple conclusions, opinions, or rumors are insufficient" to demonstrate bias, *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993), and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky*, 510 U.S. at 555. Disqualification of a judge based on alleged impartiality "must have a *reasonable* basis." *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1359 (8th Cir. 1996) (internal quotation marks omitted). Devisme's motions

5

provide no evidence or specific factual allegations that could reasonably demonstrate bias or prejudice. To the extent that Devisme's disagreement with the judicial decisions in this case forms the basis for his motions to disqualify, those disagreements do not demonstrate prejudice or bias or otherwise warrant removal. Moreover, the record lacks any legal or factual basis for the recusal of the undersigned United States District Judge.

Accordingly, Devisme's motions to disqualify are denied.

## II.     Plaintiff's Motion for Preliminary Injunctive Relief

Devisme moves for a "harassment restraining order" against the City. Devisme's motion is difficult to understand. Liberally construed, however, Devisme's motion appears to seek a temporary restraining order or preliminary injunction against the City to prevent its officials and law enforcement officers from harassing or assaulting Devisme and his son, or from "allowing" Devisme to be harassed or assaulted by others.

A district court may grant injunctive relief in the form of a preliminary injunction or temporary restraining order. Fed. R. Civ. P. 65. When determining whether preliminary injunctive relief is warranted, a district court considers the four *Dataphase* factors: (1) the probability that the movant will succeed on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between this harm and the injury that an injunction would inflict on other parties, and (4) the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Preliminary injunctive relief "is an extraordinary remedy," and the moving party must establish that each factor favors granting such relief. *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011).

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until a court has had an opportunity to rule on the merits of the lawsuit. *See Dataphase*, 640 F.2d at 113 & n.5 (8th Cir. 1981). For this reason, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A moving party is not entitled to a preliminary injunction based on conduct that differs from the conduct alleged in the complaint, even if the new allegations might support additional claims against the same defendants. *Id.*

A *pro se* litigant's filings are liberally construed and held to less stringent standards than a formal motion drafted by an attorney. *See Erickson*, 551 U.S. at 94. But even a liberal construction cannot remedy the deficiencies in Devisme's motion. Devisme's complaint does not seek injunctive relief, nor does it allege harassment or assault caused by City officials or law enforcement officers. For this reason, there is no basis for Devisme to obtain an injunction. *See Devose*, 42 F.3d at 471 (holding that a motion for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint). Moreover, neither the complaint nor Devisme's motion for injunctive relief precisely identifies the legal basis for Devisme's claims. Indeed, as addressed in Part III of this Order, Devisme's complaint fails to state a claim on which relief can be granted. As such, Devisme also has not established a likelihood of success on the merits.

Because Devisme has not demonstrated a likelihood of success on the merits, the Court need not address the remaining *Dataphase* factors. *See Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 922 (D. Minn. 2016). Moreover, Devisme's motion does not address these factors. Devisme's motion for preliminary injunctive relief, therefore, is denied.

### III.   Defendants' Motions to Dismiss

The City and HRA move to dismiss Devisme's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not *prove* his case at the pleading stage, nor do the pleadings require detailed factual allegations to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 805 (8th Cir. 2012) (observing that "specific facts are not necessary" and pleadings "need only give the [opposing party] fair notice of what the claim is and the grounds upon which it rests" (internal quotation marks omitted)). To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Factual allegations that raise only a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true all of the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But legal conclusions couched as factual allegations are not accepted as true. *Twombly*, 550 U.S. at 555. And

mere "labels and conclusions" as well as a "formulaic recitation of the elements of a cause of action" fail to state a claim for relief. *Id.*

Although a *pro se* plaintiff's complaint must be construed liberally, the complaint must allege sufficient facts to support the plaintiff's claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint, documents that are necessarily embraced by the complaint, and relevant public records without converting the motion into one for summary judgment. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Devisme's complaint does not identify any specific federal law or constitutional provision that forms the basis for his claims.[6] Instead, the complaint vaguely references discrimination, wrongful eviction and civil rights violations. Even when these references are liberally construed as asserting violations of Devisme's civil rights under federal law or the United States Constitution, however, the complaint also must allege sufficient facts to state a facially plausible claim to relief. *Iqbal*, 556 U.S. at 678; *Stone*, 364 F.3d at 914.

With respect to the City, the complaint must plausibly allege a connection between the City's conduct and a violation of Devisme's civil rights. The complaint vaguely asserts that the City "wrongfull[y] evict[ed]" Devisme and his son and "used ever[y] agency to take ever[y]thin[g] in one month." But the complaint alleges no facts to support these

---

[6] To the extent that Devisme asserts violations of state law, this Court lacks original jurisdiction over such claims because the requirements for diversity jurisdiction are not established. *See* 28 U.S.C. § 1332.

9

general assertions. The complaint also vaguely alleges that the "city att[orney]" approved Devisme's eviction, but the complaint does not identify any particular individual or describe the conduct of that individual. Nor does the complaint identify any other official employed by the City. Moreover, public records clearly demonstrate that neither the City nor its employees had any connection to Devisme's eviction. The City was not Devisme's landlord, nor was the City involved in the eviction action commenced in state court by Devisme's landlord. Although the complaint references the revocation of Devisme's housing voucher, the complaint attributes this conduct to HRA and does not identify the City having any responsibility for this revocation—nor could the City, because Minnesota law vests this responsibility with housing and redevelopment authorities, not municipalities. *See* Minn. Stat. §§ 469.001 *et seq*. The complaint also does not allege facts that could establish any other civil rights violations or discriminatory conduct involving the City. For these reasons, Devisme's complaint fails to state a claim against the City.

With respect to HRA, the complaint alleges that HRA revoked Devisme's housing voucher. HRA concedes that this factual allegation is true. But the complaint must plausibly allege that HRA's conduct was discriminatory or violated Devisme's civil rights. The complaint does not do so. Indeed, the complaint does not allege *any* specific facts pertaining to the reason for either Devisme's eviction or the revocation of his housing voucher, let alone a discriminatory or otherwise unlawful reason for these occurrences.[7]

---

[7]  In several documents filed by Devisme in August and September 2021, Devisme attempts to elaborate on the factual allegations in his complaint. Even if the Court liberally construes these documents as responses to Defendants' motions to dismiss *and* excuses the untimeliness of these filings, "it is axiomatic that a complaint may not be amended by the

Moreover, public records demonstrate that the reasons for Devisme's eviction and the revocation of his housing voucher were nondiscriminatory. Under federal law, a public housing authority "*must* terminate program assistance for a family evicted from housing assisted under the program for serious violation of the lease." 24 C.F.R. § 982.552(b)(2) (emphasis added); *accord Wilhite v. Scott Cnty. Hous. & Redevelopment Auth.*, 759 N.W.2d 252, 255 (Minn. Ct. App. 2009). Here, the terms of Devisme's lease defined a "serious" violation of the lease to include the "[c]reation or maintenance of a threat to the health or safety of other tenants or Landlord's employees or their relatives." In the underlying eviction action, the state court found that Devisme had "broken the terms of the rental agreement" by making "[n]umerous and pervasive threats to [the landlord's] staff members . . . over a period of several months, rising to the level of seriously endangering the safety of others." Because Devisme was evicted for a serious violation of the lease, federal law *required* HRA to revoke his housing voucher. As such, Devisme has not plausibly alleged that HRA discriminated against Devisme or violated his civil rights by revoking his housing voucher.

In summary, because the complaint does not allege sufficient facts to state a facially plausible claim to relief against either the City or HRA, the complaint must be dismissed.

---

briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Moreover, these additional filings are largely unintelligible and do not plausibly allege discrimination or any other violation of Devisme's civil rights.

### IV. Plaintiffs' Other Miscellaneous Motions

In light of the Court's conclusion that Devisme's complaint must be dismissed, Devisme's other motions—which seek default judgment and other miscellaneous relief—are denied as moot.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Andrew Devisme's motion for preliminary injunctive relief, (Dkt. 28), is **DENIED**.

2. Plaintiff Andrew Devisme's motions to disqualify, (Dkts. 65, 67, 68, 79), are **DENIED**.

3. Defendant City of Duluth's motion to dismiss, (Dkt. 10), is **GRANTED**.

4. Defendant HRA's motion to dismiss, (Dkt. 16), is **GRANTED**.

5. Plaintiff Andrew Devisme's complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

6. Plaintiff Andrew Devisme's miscellaneous motions, (Dkts. 63, 66, 69, 71, 75, 84, 85), are **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 18, 2022               s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge